UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NEBETCO STAINLESS, INC.

                            Plaintiff,

      v.

JTEKT AUTOMOTIVE TENNESSEE-
MORRISTOWN INC.(f/k/a TOYODA KOKI
AUTOMOTIVE NORTH AMERICA, INC.);
HELIO PRECISION PRODUCTS, INC.
(f/k/a/ FRISBY P.M.C., INC.),

                            Defendants.
_____

**REPORT AND RECOMMENDATION**

09-CV-00438(A)(M)

        This action was referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings [9].[1] Before me is plaintiff's motion [4] seeking remand of this action to State of New York Supreme Court, County of Erie, and an award of attorney's fees. "A magistrate judge presented with such a motion should provide a report and recommendation to the district court that I subject to *de novo* review under Rule 72." Williams v. Beemiller, Inc., 527 F. 3d 259, 266 (2d Cir. 2008).

        By Text Order dated May 21, 2009 [10], I scheduled a conference with counsel for all parties to discuss the issues raised by the motion, and to establish a briefing schedule. At the conference, which was held on the record this morning [11], counsel for the defendants acknowledged that the notice of removal was not timely and consented to remand the action to state court, conditioned upon plaintiff's withdrawal of that portion of its remand motion seeking attorney's fees, to which plaintiff's counsel agreed.

---

      [1]      Bracketed references are to CM-ECF docket entries.

## CONCLUSION

For these reasons, I recommend that plaintiff's motion [4] be GRANTED to the extent that it seeks remand of this action to State of New York Supreme Court, County of Erie, and that it be otherwise DENIED as moot. Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report and Recommendation be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Rule 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider de novo arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g.*, Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F. 2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn, 474 U.S. 140 (1985); Wesolek v. Canadair Ltd., 838 F. 2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules of Civil Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3), or with similar provisions of Rule 72.3(a)(2) (concerning

<u>objections to a Magistrate Judge's Report and Recommendation), may result in the District Judges refusal to consider the objection.</u>

**SO ORDERED**.

                                                 /s/ Jeremiah J. McCarthy
                                                 JEREMIAH J. MCCARTHY
                                                 United States Magistrate Judge

Dated: May 27, 2009